*286 OPINION.
Smith:
The only allegation of error so far as the year 1920 is concerned is that the resjiondent improperly disallowed $5,000 of the amount paid as salary to the president of ‘the company. At the hearing of this appeal the respondent admitted error with respect to this disallowance.
Although the petitioner reported in its gross income for 1921, $21,391.58 of indebtedness canceled by the St. Croix Paper Co., the petitioner now contends that it was in error in doing so; also that if this amount is to be included in gross income the respondent was in error in disallowing $5,000 of the amount claimed as salary deduction for 1921.
*287 The net result of the transaction by which the St. Croix Paper Co. released the petitioner from indebtedness of $21,391.58 and by which the petitioner canceled a debt owing to it by Fred S. Smith of $6,063.25 increased the petitioner’s assets to the extent of $15,328.33. This enrichment of the petitioner was at the expense of two principal stockholders. It, in effect, was a contribution to the corporation by those stockholders and constituted a gift to it. Section 213(b) of the Revenue Act of 1921 specifically provides that the term “ income ” shall not include the following items, which shall be exempt from taxation under this title:
(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income).
Section 233 (a) of the Revenue Act of 1921 provides:
That in the case of a corporation subject to the tax imposed by section 230 the term “ gross income ” means the gross income as defined in sections 213 and 217 * * *.
In the light of these provisions of the Revenue Act of 1921 we are of the opinion that the petitioner was in error in including in the gross income reported in its tax return $21,391.58 of indebtedness canceled by the St. Croix Paper Co. and that it likewise was in error in claiming as a deduction from gross income $6,063.25 indebtedness owed by it to Fred S. Smith, which was canceled in the circumstances herein stated.
Reviewed by the Board.
Judgment will be entered on 15 days' notice, under Rule 50.